In re:  Case No. 13-53416-mss
John Dietrich  Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0647-5    User: kdege    Page 1 of 2    Date Rcvd: Dec 05, 2013
                         Form ID: pdf700    Total Noticed: 26

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 07, 2013.

```
db          +John Dietrich,    1085 Stratford Street,    Barberton, OH 44203-7568
22734467     Apelles,    PO Box 1197,    Westerville, OH 43086-1197
22734469   ++CITIBANK,    PO BOX 790034,    ST LOUIS MO 63179-0034
             (address filed with court:  Citibank USA,    Citicorp Credit Services/Attn:Centralize,
              Po Box 20507,    Kansas City, MO 64195)
22734468    +Capital 1 Bank,    Attn: Bankruptcy Dept.,    Po Box 30285,    Salt Lake City, UT 84130-0285
22734470    +Citifinancial,    Attn: Legal Department,    300 St. Paul Place,    Baltimore, MD 21202-2120
22734471    +Citifinancial,    605 Munn Road,    Fort Mill, SC 29715-8421
22734474    +Discover Bank,    c/o Weltman, Weinberg & Reiss Co.,     Attn: Ted Traut,
              323 W. Lakeside Avenue, 2nd Fl,    Cleveland, OH 44113-1099
22734477    +Fidelity Properties In,    Po Box 2055,    Alliance, OH 44601-0055
22734478    +Fifth Third Bank, NE Ohio,    Attn: Consumer Foreclosurer,    5001 Kingsley Drive,
              Cincinnati, OH 45227-1114
22734479    +Fifth Third Mortgage Company,    5050 Kingsley Drive,    Cincinnati, OH 45227-1115
22734481    +First Federal Credit Control,    24700 Chagrin Blvd Ste 2,    Cleveland, OH 44122-5662
22734482    +Firstcredit,    Attn: Bankruptcy Department,    Po Box 630838,    Cincinnati, OH 45263-0838
22734484     Grange Mutual Casualty Company,    P.O. Box 1218,    Columbus, OH 43216-1218
22734486   ++PORTFOLIO RECOVERY ASSOCIATES LLC,    PO BOX 41067,    NORFOLK VA 23541-1067
             (address filed with court:  Portfolio Recovery,    Attn: Bankruptcy,    Po Box 41067,
              Norfolk, VA 23541)
22734487    +Summit County Fiscal Office,    175 S. Main Street,    Akron, OH 44308-1306
22734489    +THD/CBNA,    PO Box 6497,    Sioux Falls, SD 57117-6497
22734488    +Target National Bank,    Po Box 673,    Minneapolis, MN 55440-0673
22734490    +United Collect Bur Inc,    5620 Southwyck Blvd Ste,    Toledo, OH 43614-1501
22734491    +United Consumer Financial Services,    865 Bassett Rd,    Westlake, OH 44145-1194
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
22734472    +E-mail/Text: bankruptcy_notifications@ccsusa.com Dec 05 2013 21:41:32     Credit Collections Svc,
              Po Box 773,    Needham, MA 02494-0918
22734473     E-mail/PDF: mrdiscen@discoverfinancial.com Dec 05 2013 21:43:47     Discover Bank,
              c/o DB Servicing Corporation,    6500 New Albany Road,    New Albany, OH 43054
22734475    +E-mail/Text: bknotice@erccollections.com Dec 05 2013 21:40:38     Enhanced Recovery Corp,
              Attention: Client Services,    8014 Bayberry Rd,    Jacksonville, FL 32256-7412
22734476    +E-mail/Text: bankruptcies@escallate.com Dec 05 2013 21:39:01     Escallate LLC,
              5200 Stoneham Rd,    North Canton, OH 44720-1584
22734480    +E-mail/Text: BKRMailOps@weltman.com Dec 05 2013 21:40:41     Fifth Third Mortgage Company,
              c/o Weltman, Weinberg & Reiss Co.,    Attn: Attorney Jennifer Dorton,
              323 W. Lakeside Avenue, Suite 200,    Cleveland, OH 44113-1099
22734483    +E-mail/PDF: gecsedi@recoverycorp.com Dec 05 2013 21:48:04     GECRB/ Dillards,    Attn: Bankruptcy,
              Po Box 103104,    Roswell, GA 30076-9104
22734485    +E-mail/Text: bankruptcydpt@mcmcg.com Dec 05 2013 21:40:25     Midland Funding,
              8875 Aero Dr Ste 200,    San Diego, CA 92123-2255
                                                                                              TOTAL: 7

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 07, 2013                            Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0647-5           User: kdege                 Page 2 of 2                 Date Rcvd: Dec 05, 2013
                               Form ID: pdf700             Total Noticed: 26
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 25, 2013 at the address(es) listed below:
         Daniel F Gigiano   on behalf of Debtor John  Dietrich dgigiano@msn.com
         Keith  Rucinski   efilings@ch13akron.com, krucinski@ecf.epiqsystems.com
                                                                                                                      TOTAL: 2

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | **Chapter 13 Case No.:** |
| | ) | |
| John Dietrich | ) | **Judge Marilyn Shea-Stonum** |
| | ) | |
| Debtor(s). | ) | ☒ **Original Chapter 13 Plan** |
| | ) | ☐ ( number) **Amended Chapter 13 Plan**** |
| | ) | ☒ **See Paragraph Twelve for Special Provisions** |

*******************************************************************************************

**ATTENTION CREDITORS - YOUR RIGHTS MAY BE AFFECTED**.

The purpose of this plan is to organize how claims are proposed to be paid and allow users of the plan to easily review the plan for specific items and treatment under the plan. Creditors must exercise their own judgment in deciding whether to accept or oppose the plan. Creditors should read this plan carefully and discuss it with their attorney. Anyone who wishes to oppose any provision of this plan must file with the Court a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the Court in order to receive distributions under this plan. Absent an objection by the Debtor(s) or other party in interest, the Trustee shall pay claims as filed. Secured claims must have proof of security attached. Creditors claiming a right to interest should state the interest rate on the front page of the proof of claim.**
_____

1. **PLAN PAYMENTS**

Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors (hereinafter "Debtor") shall commence making monthly plan payments (the "Monthly Plan Payment") pursuant to 11 U.S.C. §1326(a)(1), as follows:

A. To the Chapter 13 Trustee (hereinafter "Trustee"): $50.00 per month, payable in monthly installments of $50.00 each for the first three months, and, beginning in March 2014, $348.00 per month payable in monthly installments of $348.0 each.

____ The Debtor is employed by _____, and shall make payment by payroll deduction.

_____ The Debtor is self-employed and shall make payments to the Trustee by cashier check or money order.

__x__ The Debtor is retired and/or has (source of income) and shall make payments to the Trustee by check or money order.

The Debtor further proposes to devote all annual income tax refunds greater than $1,500 (Fifteen Hundred Dollars), excluding child care, educational, and earned income credits to the repayment of creditors under this plan. Upon application by the Debtor(s), and for good cause shown, the Court may consider and may grant a temporary suspension of plan payments without hearing or notice. A suspension of plan payments, if approved by the Court, will not reduce the total amount of repayment creditors are to receive under the plan.

2. **ADEQUATE PROTECTION PAYMENTS PRIOR TO CONFIRMATION**

Concurrent with the filing of this plan, the Debtor has filed an agreed entry with the Trustee authorizing the Trustee to make adequate protection payments to the following creditors. Pursuant to 11 USC Section 102, creditors shall have 20 days to review the agreed entry for adequate protection payments and file an objection if the creditor opposes the adequate protection payment.

| Creditor and Collateral | Account # | Address | Amount |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**3. ORDER OF DISTRIBUTION**

After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) monthly payments as provided for in Paragraphs 4, 5 and 6; (iv) priority domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (v) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (vi) general unsecured claims. If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the Trustee may use best efforts to pay secured creditors from the funds on deposit with the Trustee on the date of distribution. Should the Debtor's plan payments result in the completion of payments to unsecured and priority creditors while leaving a balance owing to secured creditors, the Trustee is authorized to remove the fixed monthly payment amounts to finish payment to secured creditors on a pro rata basis in order to expedite payment to the secured creditors.

**4. CLAIMS SECURED BY REAL PROPERTY**

    **A. Mortgage Arrearages and Real Estate Tax Arrearages**

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages in equal monthly payments. Trustee will pay interest on the mortgage arrearage if the proof of claim provides for interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest. Note: The interest rate requested by the creditor should be stated on the front of the proof of claim. Debtor shall pay all post-petition mortgage payments and real estate taxes as those payments ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated Arrearage Claim | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| Fifth Third | 1085 Stratford, Barberton | $12,000.00 | 0% | |
| Fifth Third | 1085 Stratford, Barberton | $2,500.00 | 0% | |

    **B. Liens and Other Claims secured by Real Estate**

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| Citifinancial | 138 S. Balch St., Akron | $0.00 (Debtor surrendering real estate) | | |
| Summit Fiscal Off. | 138 S. Balch St., Akron | $0.00 (Debtor surrendering real estate) | | |

    **C. Mortgages, Liens and Other Claims secured by Real Estate**

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Debtor(s)) |
|---|---|---|---|---|

### 5. CLAIMS SECURED BY PERSONAL PROPERTY

    **A. Secured Claims to be Paid Through the Plan:**

Trustee shall pay the following claims in equal monthly payments.

| Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|

    **B. Debtors shall pay the following claims in equal monthly payments.**

| Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly Payment (Paid by Debtors) |
|---|---|---|---|---|

### 6. FEDERAL TAX LIENS SECURED BY REAL AND PERSONAL PROPERTY

| Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|

### 7. DOMESTIC SUPPORT OBLIGATIONS

Debtor does not have domestic support obligations pursuant to 11 U.S.C. §101(14A).

<u>If the Debtor does have domestic support obligations:</u>
The holder(s) of any claims for domestic support obligations pursuant to 11 U.S.C. §1302(d) are as specified below. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

| Holder Name | Address of Holder (if known) | Address of Child Enforcement Support Agency (mandatory) |
|---|---|---|
| none | | |

Trustee shall pay pursuant to 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| Creditor Name | Creditor Address | Estimated Arrearage Claim |
|---|---|---|
| none | | |

### 8. OTHER PRIORITY CLAIMS

Trustee shall pay pursuant to 11 U.S.C. §507(a) on a pro-rata basis other allowed unsecured priority claims.

| Creditor | Claim Amount |
|---|---|
| none | |

Page 3 of 4

13-53416-mss    Doc 10    FILED 12/07/13    ENTERED 12/08/13 00:26:59    Page 5 of 6

9. **GENERAL UNSECURED CLAIMS**

   Unsecured Creditors shall be paid **1 percent** of timely filed and non disputed general non-priority unsecured claims.

10. **PROPERTY TO BE SURRENDERED**

Debtor will surrender the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed within 180 days from the date that the petition is filed. A deficiency claim filed beyond the 180 days must be allowed by separate order of the Court.

|                        | Property                    |
| Creditor               | Description                 |
|------------------------|-----------------------------|
| Summit Fiscal Office   | 138 S. Balch St., Akron, OH |
| Citifinancial          | 138 S. Balch St., Akron, OH |

11. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

All executory contracts and unexpired leases are rejected except the following, which are assumed and shall be paid directly by the Debtor to the creditor:

|          | Property    |
| Creditor | Description |

12. **SPECIAL PROVISIONS**

   a.   $750.00 of Attorney Fees paid; $3,250.00 of Attorney Fees to be paid through the plan.

   b.   Notwithstanding the automatic stay, creditors and lessors provided for in this plan may continue to mail customary notices or coupons to the Debtor(s).

   c.   Citifinancial's judgment lien is being stripped to the extent that it impairs Debtor's exemption in his residence;

   d.   Debtor is surrendering the real estate at 138 S. Balch St., Akron, and Citifinancial may assert its lien in the surrender.

   e.   Creditors may file a claim pursuant to Bankruptcy Code section 1305 when permitted by law and shall be paid as allowed.

/s/ John Dietrich_____     _____
Debtor's Signature – Name typed below        Debtor's Signature – Name typed below
John Dietrich

Attorney Signature  /s/ Daniel F. Gigiano_____

Name: Daniel F. Gigiano
Ohio Registration No. 0070782
Address: 102 Main St., Ste. 200, Wadsworth, Ohio 44281
Phone: 330-336-3330
Fax:  330-336-3331
Email:  dgigiano@msn.com